IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

In re:

PANTHERA ENTERRISES, LLC,
Debtor.                                                                        [Case No. 2:19-bk-787]

PANTHERA ENTERPRISES, LLC,

        Plaintiff,
v.                                                                                    [Adversary Proceeding No. 2:19-ap-51]

        CIVIL ACTION NO. 3:20CV37

PANTHERA TRAINING, LLC,

        Defendant.


### ORDER SCHEDULING MEDIATION

Pursuant to Judge Flatley's Order Scheduling Mediation, it is **ORDERED** that this matter be, and the same is hereby, scheduled for mediation **on MONDAY, MARCH 30, 2020, AT 9:30 A.M.** at the W. Craig Broadwater Federal Building and U.S. Courthouse, First Floor Courtroom, 217 West King Street, Martinsburg, West Virginia 25401 before United States Magistrate Judge Robert W. Trumble. The parties AND their representatives, fully authorized to make final and binding decisions on behalf of the principals MUST BE PRESENT IN PERSON.   "Full settlement authority" means:

    (a) for a defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to plaintiff's last demand; (b) for a plaintiff, such representative must have final authority, in the representative's own discretion to accept a settlement amount down to defendant's last offer; (c) for a client which is controlled by a group, like a board of directors or a claims committee, the representative must have the authority to settle for the group as described above; (d) for an insurance company with a defense or indemnity obligation, the representative must have final authority to commit the company to pay, in the representative's

own discretion, an amount up to the plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower; (e) for an insurance company, with a subrogation interest in the recovery of a party, the representative must have final settlement authority to commit the company to settle.   Counsel MAY NOT, except in extraordinary circumstances and with prior approval of the Court, serve as such representatives.   Such prior approval must be requested, by written motion, within ten (10) days from the date of the entry of this order.   Failure to appear with persons authorized to make final and binding decisions as set forth above will result in the issuance of a show cause order for sanctions.

All counsel and parties shall be prepared to negotiate openly and knowledgeably concerning the issues of the civil action in a mutual effort to reach a fair and reasonable settlement.   Failure of any party or counsel to participate in good faith will be immediately brought to the attention of the presiding judge, who will be available during the mediation of this civil action.   See Fed. R. Civ. P. 16(f).

If any party has a conflict with the scheduled mediation and desires to have the mediation rescheduled, that party must file a motion with the court indicating the nature of the conflict.   Moreover, that party should, prior to the filing of such motion, consult with the other parties to the civil action and present the court, with the motion, a list of three suggested dates for rescheduling the mediation, which dates shall be as close to the date of the scheduled mediation as is possible.   See LR Gen P 88.02.

**At least five days prior to the scheduled mediation, counsel for each party shall submit a written factual presentation, not to exceed five pages, with any pertinent supporting documents, other than the pleadings, attached.** The mediation statements **SHALL BE** submitted directly to the Magistrate Judge by email to the following address: mjrwtrumble@wvnd.uscourts.gov.   The subject line of the email shall read "CONFIDENTIAL". The mediation statements will be shredded at the conclusion of

the mediation and are not to be filed with the clerk. Unless authorized by a party, the Magistrate Judge shall treat the mediation statements as confidential. In their discretion, the parties may serve opposing counsel with their mediation statements.

**Plaintiff(s) shall make a written demand to the Defendant(s) ten (10) days prior to the scheduled mediation. Defendant(s) shall respond in writing to the demand not less than two (2) days prior to the scheduled mediation**. **The Magistrate Judge shall be copied with the demand and response prior to the mediation**.

Settlement discussions will be off the record, subject to Federal Rule of Evidence 408, and held in strictest confidence.   As mediator, I will not disclose any of the information divulged by any of the parties or counsel during the settlement discussions unless specifically authorized to do so by that party or counsel.   See <u>Fiberglass Insulators, Inc. v. Dupuy</u>, 856 F.2d 652 (4th Cir. 1988); <u>see also</u> Local Court Rule Article 5, LR Civ P 16.06.

**IT IS SO ORDERED.**

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative

Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 3-5-2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE